IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SIDNEY EDWARD HUDDLESTON III,

      Movant,

v.               CIVIL ACTION NO. 3:11-00403
                (CRIMINAL No. 3:10-00042)
UNITED STATES OF AMERICA,

      Respondent.

**ORDER**

    Currently pending before this Court is a *pro se* Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255. (ECF No. 94). In his Petition, Sidney Edward Huddleston III challenges his 2010 guilty plea to one count of being a felon in possession of a firearm on or about January 16, 2009, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 29, 2012, the Magistrate Judge submitted her Proposed Findings and Recommendations in which she recommends, inter alia, that Movant's Petition be denied (ECF No. 107). Movant now objects. (ECF No. 110).

    The Court reviews any portion of the Magistrate Judge's report to which objections are made *de novo*, but to those portions of the report to which no objection is made, the Magistrate Judge's Findings and Recommendations will be upheld unless they are "clearly erroneous" or

1

"contrary to law." *See* 28 U.S.C. § 636(b)(1); *Webb v. Califano*, 468 F. Supp. 825, 828 (E.D. Cal. 1979) (citing 28 U.S.C. § 636(b)(1)(A)). In this case, Movant's objections focus on his claim of ineffective assistance of counsel. Movant asserts he felt coerced into entering the plea because (1) his second attorney did not pursue a motion to suppress filed by his first attorney regarding evidence seized during a 2009 search of his residence,[1] and (2) his second attorney did not investigate and pursue a motion to suppress a 2010 search of his property.[2] However, as noted by the Magistrate Judge, Movant has not offered any facts or arguments upon which the Court could conclude that his suppression motions would have been successful. Contrary to Movant's assertion, the mere fact motions were filed by his first attorney does not mean the motions were meritorious. Likewise, as discussed by the Magistrate Judge, Movant has failed to demonstrate how further investigation of the 2010 search would have changed the outcome of his case.[3]

Therefore, after careful consideration of Movant's objections, the Court finds them to be without merit. Accordingly, the Court **ADOPTS** and **INCORPORATES** the portions of the Magistrate Judge's Proposed Findings and Recommendations to which no objection is filed, **ADOPTS** and **INCORPORATES** the portions to which Movant objects, **DENIES** Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 94), **DENIES** Movant's Application to Proceed without Prepayment of Fees and Affidavit (ECF No.

---

[1] Movant's first attorney withdrew because of a conflict of interest.

[2] Numerous firearms were discovered during both searches.

[3] Count Three of the Indictment was based upon the 2010 search. Count Three ultimately was dismissed when Movant pled to Count One, which was based upon the 2009 search.

93), **GRANTS** Respondent's Motion to Dismiss (ECF No. 101), and **DISMISSES** this action **WITH PREJUDICE** from the docket of the Court.

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented parties.

ENTER: November 28, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE